UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

APPEAL NO. 15-15628-EE

DON KOZICH, Individually

      Appellant,

v.

ANN DEIBERT, Individually and in her official capacity as Chief Executive Officer
of the BROWARD COUNTY HOUSING AUTHORITY (PHA);
et al.

      Appellee(s)

-------------------------------

**APPELLANT'S INITIAL BRIEF
ON APPEAL FROM THE DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA - FORT LAUDERDALE DIVISION**

Don Kozich, Appellant
PO Box 2032
Fort Lauderdale, FL 33303
954.709.0537
dtkctr@gmail.com

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

APPEAL NO. 15-15628-EE
Kozich v. Ann Deibert, et al..

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

EFF: 160522

Actions for Better Future, Inc.

Attorney General of the United States

Auger Steve

Broward County Housing Authority (PHA)

Broward Workforce Communities Inc (BWC)

Brown Thomacina

Building Better Communities Inc (BBC)

Christopher Nancy

Deibert Ann

Dimitrouleas William

Florida Department of Opportunity

Florida Housing Finance Corp

Goren Cherof Doody & Ezrol

Gray Robinson, PA

Lessne Michael

Long Michael S.

Lowenhaupt Kenneth,

Lowenhaupt Sawyer & Spinale

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

APPEAL NO. 15-15628-EE
Kozich v. Ann Deibert, et al..

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Marcus Russell

McCormack Steve

Ortiz Syrie

Pompilus Karyne

Professional Management Inc (PMI)

Reliance-Progresso Associates Ltd (RPA)

Schrader Carly

Sheridan Drew

Smith Bernard E

Spinale Rebecca

Tolces David

United States Attorney

US Dept of Housing and Urban Development (HUD)

US Dept of Veteran Affairs (VA)

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

APPEAL NO. 15-15628-EE
Kozich v. Ann Deibert, et al..

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

I HEREBY CERTIFY that the foregoing was filed with the court and a copy served to Defendants/Appellees on _____ , 2016.

Don Kozich, Plaintiff/Appellant
PO Box 2032
Fort Lauderdale, FL 33303-2032
954.709.0537
dtkctr@gmail.com

## APPELLANT'S STATEMENT REQUESTING ORAL ARGUMENT

COMES NOW, the Appellant, Don Kozich (Kozich), pursuant to FRAP 34(a) and (f) and 11th Cir.R. 34-3(c) files his Statement Requesting Oral Argument, and states,

1. Kozich requests oral argument to better explain and clarify exactly what occurred in District Court.

2. Kozich also requests oral argument to explain and answer any questions that the panel may have regarding the facts and circumstance surrounding the Appellees fraud on the court and their misrepresentations of the law and facts and withholding relevant facts and law.

3. Being a retired disabled and homeless veteran living on fixed low income social security and veteran's pension with very limited resources Kozich requests Oral Argument be held in Fort Lauderdale, Florida.

WHEREFORE, Appellant respectfully requests an order of court,

1. Granting this Request for Oral Argument.

2. Or other relief the court deems just and equitable.

Don Kozich, Appellant
PO Box 2032
Fort Lauderdale, FL 33303
954.709.0537
dtkctr@gmail.com

# TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS ............................................................ i

TABLE OF AUTHORITIES ..................................................... iii

A. DEFINITIONS.................................................................. 1

B. APPENDIX...................................................................... 2

    1. REQUIRED MODEL LEASE AND LEASING GUIDELINES ................. 2

    2. "FAKE" LEASE FILED BY BCHA APPELLEES IN
    STATE COURT, NO REQUIRED TENANCY ADDENDUM....................... 3

C. JURISDICTIONAL STATEMENT.......................................... 3

    INAPPLICABILITY OF ROOKER-FELDMAN DOCTRINE IN
    LIGHT OF ONGOING STATUS OF KOZICH'S STATE AND
    FEDERAL CASES  AND DENIAL OF DUE PROCESS WITH NO
    HEARING OR TRIAL IN STATE COURT ..................................... 5

D. STATEMENT OF ISSUES PRESENTED FOR REVIEW.................... 6

E. STATEMENT OF CASE AND FACTS; DISTRICT COURT CASE.................. 6

F. SUMMARY OF ARGUMENT................................................ 11

G. ARGUMENT .................................................................. 17

    1. STANDARD OF REVIEW ............................................... 17

    2. PRELIMINARY ARGUMENT........................................... 17

    3. BCHA APPELLEES' UNILATERAL OCTOBER 20, 2015
    ADMINISTRATIVE HEARING................................................ 21

i

4. KOZICH'S TENANCY UNDER THREE FEDERALLY SUPPORTED PROGRAMS AND "NO-CAUSE EVICTION PROTECTION." .................. 24

MENDOZA AND LIHTC .......................................................... 28

IN A LIHTC APARTMENT COMMUNITY SUCH AS PP, INTERNAL REVENUE CODE, 26 USC § 42, "No-Cause Eviction Protection" [DE.6.209, A-5] REQUIRES EVIDENCE AND PROOF OF GOOD CAUSE NOT TO RENEW KOZICH'S LEASE.....................................................................;........ 28

5. NO "HOME VENUE PRIVELEGE" FOR FHFC APPELLEES................... 30

6. NO QUALIFIED IMMUNITY FOR APPELLEES DEIBERT, LONG AND SMITH........................................................................ 35

7. DUE PROCESS, EQUAL PROTECTION AND CIVIL RIGHTS VIOLATIONS.................................................................... 37

a. THE LAW AS IT RELATES TO DUE PROCESS, EQUAL PROTECTION AND CIVIL RIGHTS VIOLATIONS OF A STATE GOVERNMENT AGENCY.......................................................... 38

b. DUE PROCESS CASE.......................................................... 38

c. EQUAL PROTECTION CASE.................................................. 40

d. CIVIL RIGHTS CASE.......................................................... 41

H. CONCLUSION.................................................................... 42

CERTIFICATE OF COMPLIANCE WITH FED.R.APP.P.  32(a)(7)(B)....,.......... 43

CERTIFICATE OF SERVICE……….......................................... 43

# TABLE OF AUTHORITIES

## FEDERAL CASES

Atlantic Marine Construction Co., Inc. v. U.S. District Court for
the Western District of Texas, 134 S.Ct. 568, 187 L.Ed. 2d 487 (2013)........... 34

Barrington Cove Ltd. Part'shp v. Rhode Island Housing and Mtg. Fin. Corp.,
246 F.3d 1 (1st Cir. 2001) ……………………………….................…. 17

Beneficial Nat'l Bank v. Anderson, 539 US 1, 123 S.Ct. 2058,
156 L. Ed. 2d 1 (2003). ……………………………….................….. 23

Blum v. Garron, 51 F.Supp. 3d 1286 (S.D. Fla. 2014)...............................… 20

Boye v. United States, 200 F.3d 1360, 1371 (Fed Cir. 2000). ……………………. 17

Caulder v. Durham Housing Auth., 433 F.2d 998 (4th Cir. 1970). ……………...... 5, 6

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 US 280, 292,
125 S.Ct. 1517, 161 L. Ed. 2 454 (2005) ……………………………………. 6

Fincher v South Bend Housing Auth., 612 F. Supp 2d 1009
(Dist. Ct. N.D. Indiana). ……………………………….................…. 6

Franchise Tax Bd. V. Const. Laborers Vacation Trust,
463 US 1, 27-28 (1983). ……………………………….................…. 3

Grable & Sons Metal Prods., Inc. v Darue Eng'g & Mfg.,
545 US 308, 312 (2005) ……………………………….................…... 4

Joy v. Daniels, 479 F.2d. 1236, 1241 (4th Cir. 1973) ………………………… 26

Knight v. Sanford Hous. Auth., No. 97-1225-CIV-ORL-19B
(M.D. Fla. Jan. 30, 1998) ……………………………….................……... 5, 42

Long v. Shorebank Development Corp., 182 F.2d 548 (7th Cir. 1999) ……. 4, 6

McNeill v. N.Y.C. Housing Auth., 719 F. Supp. 233 (SDNY 1989) ………………..4, 6

McQueen v. Druker, 438 F.2d 781, 785 (1st Cir. 1992) ............................. 5, 42

Mendoza v. Frenchman Hill Apartments, 2005 WL 6581642
(E.D. Wash., Jan. 20, 2005) ..........................................................28, 29, 35, 36

Norman v. Hous. Auth. of City of Montgomery, 816 F.2d 1292, 1304
(11th Cir. 1988) ........................................................................... 20

Ortho Pharmy, Corp. v. Smith, 959 F.2d 935, 945 (Fed Cir. 1992). ................... 17

Ressler v. Pierce, 692 F.2d 1212 (9th Cir. 1982) ...................................... 26

Rudder v. US, 226 F.2d 51, 53 (D.C. Cir. 1955)........................................ 38

Ruffin v. Housing Authority, 301 F.Supp. 251, 253 (E.D. La. 1969) ................... 26

Thorpe v. Housing Authority, 386 US 670 (1967) ..................................... 38

Rooker-Feldman Doctrine................................................................ 4, 5, 6

HUD Legal Opinion GCH-0078 (September 4, 1992),..................... 10, 20, 23

## FLORIDA CASES

A & P Investment Group, Inc. v. The Circle Property Owners Assoc., Inc.,
741 So.2d 1139 (Fla. 4h DCA 1998)................................................. 33

Holly Ridge Ltd. P'ship v. Pritchett, 936 So. 2d 694 (Fla. 5th DCA 2006)........... 30

Reliance Progresso Associates Ltd. v Don Kozich, Case No. COCE 15-4735 (55). 4

State ex rel. Rich v Ward, 135 Fla. 885 (1939)..................................... 22

## OTHER STATE CASES

Housing Authority v. Saylors, 19 Wn. App. 871, 873 (1978) ...................... 38

## FEDERAL STATUTES

Fed.R.Civ.P. 8………………….......………………….…….................…….    42

IRS Revenue Ruling 2004-82………………….................………….…………    25

24 CFR 966.53(c) …………………….…………...…………...……    10, 15, 20, 23

24 CFR 982.308(a) and (f)(2) ……………………...............…...    26

24 CFR 982.456(b)(2) …………..………………...……………………………    26

24 CFR 982.552 …………………….………….............…………    21

26 USC § 42…....………….        4, 5, 9, 15, 16, 19, 24, 26, 27, 29, 30, 33, 36, 37

26 USC § 42(h)(6)……………………................…..........………    28, 29

26 USC § 42(h)(6)(B)(i) …………………….........…...........………..    25

26 USC § 42(h)(6)(B) and (E) …………………….........…...………..    25

28 USC § 1295(a) …………………….……………...................……..    3

28 USC § 1367(a) …………………….…….......................……..    5

28 USC § 1391(b)(1) and (2); (c)(2); and (d) ……………………..    12, 32, 34

28 USC § 1443…………………….………....................………    5, 13, 42

28 USC § 1447 (c) and (d) ……………………........…..……....…    5, 42

28 USC § 2283…………………….…………....................……..…    4

73 FR 25026, 25027 <u>Implementing the HUD-VASH HCV Program</u>…………......    21

## FLORIDA STATUTES

Fla.Stat. 82.04…..........................................……………………………….    15, 22, 23

Fla.Stat. 82.04(2)………………………….......................………………..    23

Fla.Stat. 83.42(1)………………………………….......................………    1, 23

Fla.Stat. 193.017…………………………….......................………...    30

Fla.Stat. 402.5099……………………………….......................………...    31

Chapter 421, Fla.Stat………………………….......................…………    7, 9, 13

## A. DEFINITIONS

1. **BCHA Appellees**. For ease of presentation and because of their legally recognized identity of interest and symbiotic relationship the Appellees Deibert, Long, Broward County Housing Authority (PHA), Reliance-Progresso Associates (RPA), Broward Workforce Communities, Inc. (BWC) and Building Better Communities, Inc. (BBC) will collectively be referred to as "BCHA Appellees". Appellees BBC, BWC, and RPA are all blended affiliates or subsidiaries, which BCHA Appellees now refers to as being "Discreet Partnerships" of Appellee PHA and which are ultimately owned and controlled by Appellee PHA under the autocratic and dictatorial control of Appellees Deibert and Long. All of these BCHA Appellees have a legally recognized identity of interest with sharing the same officers, directors, commissioners, registered agent, employees, street address, offices, furniture, fixtures, equipment, phone number, fax number, _____@bchafl.org email addresses, webmaster, and website. All of these BCHA Appellees operate as alter egos of each other.

2. **FHFC Appellees**. For ease of presentation Appellees FHFC and Smith will collectively be referred to as "FHFC Appellees".

3. **HUD-VASH HCV.** HUD-VASH HCV refers to the Housing and Urban Development Veteran Affairs Supported Housing - Housing Choice Voucher program by which a veteran such as Kozich here obtains federally supported housing which is incidental to his healthcare, makes Chapter 83, Florida Landlord Tenant Law, inapplicable, Fla.Stat. 83.42(1).

4. Otherwise, Kozich relies on the Definitions contained in his Complaint [DE.1], Memorandum of Law [DE.5] and Amended Motion [DE.31].

## B. APPENDIX

For the Appendix to this Appeal, Kozich only provided excerpts from record documents that were filed in District Court and that are relevant to this appeal.

### 1. REQUIRED MODEL LEASE AND LEASING GUIDELINES.

Some of the documents are incomplete and not true copies, i.e. the Management Agreement [DE.82.639-73] between BCHA Appellees and Late Served Defendant PMI is missing the Model Lease (Exhibit "3" to the Addendum [DE.82.664-73]) that was supposed to be utilized by BCHA Appellees for Kozich's tenancy at PP. The "fake lease" [DE.82.698-722] that the BCHA Appellees unsuccessfully attempted to fob-off as the Model Lease, is in fact not a true and correct copy of the Model Lease. The lease that Kozich executed [DE.6.112-33] for his tenancy at PP is not the Model Lease or even the lease as required by HUD. As part of Kozich's public records request back in 2014, the BCHA Appellees were supposed to produce the Model Lease but they never have produced a true and correct copy. Kozich needs a true and correct copy of the Model Lease to be able to fully present his case. Kozich is still trying to obtain a true and correct copy of the Model Lease and his lease at PP.

## 2. "FAKE" LEASE FILED BY BCHA APPELLEES IN STATE COURT, NO REQUIRED TENANCY ADDENDUM

And the Tenancy Addendum (HUD-52641-A) [DE.6.48-52], which also affords Kozich "No-Cause Eviction Protection", itself requires that it be executed by both the landlord and the tenant, attached to the lease, and that it takes precedence over the model lease. However, Kozich never executed the Tenancy Addendum [DE.6.48-52] and it is not attached to the "model lease" [DE.82.698-722] or to the "fake" lease [DE.6.112-33] that BCHA Appellees filed in state court.

Therefore and due to Appellees fraud on the court in both state and federal courts and without any discovery, the Appendix is incomplete and inaccurate.

### C. JURISDICTIONAL STATEMENT

On November 18, 2015 the District Court denied [DE.83] Kozich's Motion for Rehearing [DE.79]. On December 17, 2015 Kozich timely filed his Notice of Appeal [DE.84].

This is an appeal of the District Court's final order [DE.78 and 83] dismissing the case and interlocutory orders.

The Circuit Court has jurisdiction pursuant to 28 USC § 1295(a).

Jurisdiction will support claims founded under federal common law and as well as those of a statutory origin. Franchise Tax Bd. V. Const. Laborers Vacation Trust, 463 US 1, 27-28 (1983). Federal statutory or common law provides that the plaintiff's right to relief [in state court] necessarily depends on resolution of a

3

substantial question of federal law. Grable & Sons Metal Prods., Inc. v Darue Eng'g & Mfg., 545 US 308, 312 (2005). Federal question jurisdiction exists if the defendant's right to relief in state court depends on resolution of a substantial question of federal law.

Utilizing Appellee RPA as a front, on March 5, 2015, the BCHA Appellees filed suit against Kozich in state court styled Reliance Progresso Associates Ltd. v Don Kozich, Case No. COCE 15-4735 (55), seeking to wrongfully gain removal of Kozich's from a Low-Income Housing Tax Credit (LIHTC) apartment community in which he resided under a HUD-VASH HCV. BCHA Appellees, being the artful dodger that it is, purposely did not disclose to the state court that its unlawful detainer action is governed by 26 USC § 42 as well as the Tenancy Addendum, HUD-52641-A [DE.6.48-52] which mandate "No-Cause Eviction Protection" [DE.6. 209, A-5].

Neither the Rooker-Feldman Doctrine nor the Anti-Injunction Act, 28 USC § 2283, are applicable here. This Court has jurisdiction to enjoin and set aside state court judgments [DE.6.134-39] that were obtained by the BCHA Appellees through fraud on the state court and surreptitious secret ex parte communication [DE.6.141-43] with the state court judge, with no hearing or trial whatsoever, where Kozich had no opportunity whatsoever to present his defenses and claims. Long v. Shorebank Development Corp., 182 F.2d 548 (7th Cir. 1999); McNeill v. N.Y.C. Housing Auth.,

719 F. Supp. 233 (SDNY 1989) and Caulder v. Durham Housing Auth., 433 F.2d 998 (4th Cir. 1970).

As part of his pleadings in all courts Kozich pled that he is a disabled retired veteran and that BCHA Appellees refused to renew Kozich's lease in retaliation for Kozich's advocating for better, healthier and safer living conditions, promoting a tenant's organization and publishing a monthly newsletter at PP [DE.82.491-92, 496-97]. All of Kozich's activities are Fair Housing Act and Civil Rights activities protected by 28 USC 1443 and also his disability and free speech and free association activities are protected under the First and Fourteenth Amendments to the U.S. Constitution. Knight v. Sanford Hous. Auth., No. 97-1225-CIV-ORL-19B ( M.D. Fla. Jan. 30, 1998) and McQueen v. Druker, 438 F.2d 781, 785 (1st Cir. 1992). Accordingly this court has subject matter jurisdiction under 28 USC 1447 (c) and (d).

Pursuant to 26 USC § 42 and with this case the courts have jurisdiction to provide for a mandatory injunction  mandating "No-Cause Eviction Protection."

Where applicable, this Court has supplemental jurisdiction to review Kozich's claims under Florida law pursuant to 28 USC § 1367(a).

## INAPPLICABILITY OF ROOKER-FELDMAN DOCTRINE IN LIGHT OF ONGOING STATUS OF KOZICH'S STATE AND FEDERAL CASES  AND DENIAL OF DUE PROCESS WITH NO HEARING OR TRIAL IN STATE COURT

Kozich appealed the state case [DE.82.762-69]. Kozich's state court Verified Motion for Stay Pending Appeal [DE.82.771-93] and his appeal in state court remain

open. Therefore the state court proceedings were still ongoing at the time that Kozich filed this case making Rooker-Feldman inapposite. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 US 280, 292, 125 S.Ct. 1517, 161 L. Ed. 2 454 (2005) and Fincher v South Bend Housing Auth., 612 F. Supp 2d 1009 (Dist. Ct. N.D. Indiana).

Additionally, in the state case there were no hearings or trial and as such Kozich was denied due process thereby making Rooker-Feldman inapposite. Long v. Shorebank Development Corp., 182 F.2d 548 (7th Cir. 1999); McNeill v. N.Y.C. Housing Auth., 719 F. Supp. 233 (SDNY 1989) and Caulder v. Durham Housing Auth., 433 F.2d 998 (4th Cir. 1970).

## D. STATEMENT OF ISSUES PRESENTED FOR REVIEW

Because there was no discovery in the District Court, because three of the Defendants in the District Court had not as yet been required to serve responsive motions and because of Appellees' fraud on the court with the facts and law and withholding and misrepresenting material facts and law, the District Court clearly erred in dismissing this case with prejudice and in not granting Kozich a temporary injunction and mandatory injunction..

## E. STATEMENT OF CASE AND FACTS; DISTRICT COURT CASE:

Unfortunately the court fell into the trap laid by the Appellees in that the Appellees were purposely not forthcoming with the correct facts and law. In violation of their duty not to make false statements of law or fact and to disclose relevant law

6

and facts including disclosing adverse authority and not mislead the court, the Appellees and their attorneys purposely failed to disclose and reference relevant facts and law with their Motions and Responses [DE.42, 43 and 45]. And being considered agents of the Appellees, under state and federal law the Appellees' attorneys are charged with having the same knowledge as their clients and have no excuse for ignoring and not disclosing controlling law and facts and for misleading the Court.

Kozich is a 70-year old retired disabled veteran living on fixed low income social security and VA disability pension with a HUD-VASH HCV. Kozich resided in a Low Income Housing Tax Credit (LIHTC) apartment community [Progresso Point (PP)] titled in Appellee RPA which is ultimately owned and controlled by its "parent", the Appellee PHA, through its various blended subsidiaries and affiliates [DE.6.1, 3-8, 11-12] which they now call "Discreet Partnerships". Appellee PHA is a Public Housing Authority chartered under Chapter 421, Fla.Stat. Kozich has been homeless since July 23, 2015, having been wrongfully dispossessed from PP.

Appellee PHA refused to order Appellee RPA to renew Kozich's lease in retaliation for Kozich's constitutionally protected activities in promoting and organizing the Progresso Point Tenants Organization (PPTO) to advocate for better, healthier and safer living conditions at PP [DE.6.87-88] (currently there exists water intrusion and mold and mildew which are being ignored by the Appellees). BCHA Appellees also control and issue the HUD-VASH HCV but their excuse for not issuing Kozich's HUD-VASH HCV is that Kozich has no lease, its policy being no lease, no

voucher. On the one hand Appellee PHA as the "parent" has the authority to order Appellee RPA to renew Kozich's lease. On the other hand Appellee PHA is refusing to issue the HUD-VASH HCV because it will not order Appellee RPA to renew Kozich's lease. These are retaliatory circular state actions; analogous to a dog chasing its tail. To reiterate, **NO AUTHORIZATION, NO RENEWAL, NO LEASE, NO HUD-VASH HCV, NO HOUSING.** But because Appellee PHA refused to order Appellee RPA to renew Kozich's lease in retaliation for his constitutionally protected activities Kozich is now homeless and sustained irreparable harm from BCHA Appellees' actions in permanently terminating his HUD-VASH HCV [DE.26.479-81] in retaliation for him exercising his constitutionally protected free speech rights in publishing a newsletter and advocating for better, healthier and safer living conditions at PP.

Because of the BCHA Appellees' secret email to state Judge Szolnok Kozich has been blacklisted by the Appellees, is now a tenant pariah with an adverse landlord tenant record, and is once again a homeless retired disabled veteran added to the 1,500,000 homeless veterans in American and is suffering irreparable harm especially after the BCHA Appellees permanently terminate Kozich's HUD-VASH HCV.

The BCHA Appellees failed to advise the District Court that the BCHA Appellees actions in dispossessing Kozich from his residency at Progresso Point (PP) apartment community are in retaliation for Kozich exercising his constitutionally

protected civil right to free speech in publishing a monthly newsletter advocating for better, safer, and healthier living conditions at PP, a Low Income Housing Tax Credit (LIHTC) apartment community under 26 USC § 42 which is secretly owned and controlled by the BCHA Appellees. The BCHA Appellees attempt at keeping its ownership and control of PP a secret is so pervasive that neither the Fort Lauderdale Housing Authority nor the Pompano Beach Housing Authority knew that BCHA Appellees owned and controlled PP.

One reason that BCHA Appellees had to keep its ownership and control of PP a secret from Fort Lauderdale Housing Authority is because PP is within the City of Fort Lauderdale and by its Charter under Chapter 421, Fla.Stat., the BCHA Appellees are prohibited from operating in a incorporated municipality that has a housing authority. Other reasons for BCHA Appellees keeping its ownership and control of PP a secret relate to BCHA Appellees' deniability and evading compliance with Florida-In-The-Sunshine laws and Federal Freedom of Information Act (FOIA) and Florida Public Records laws.

The BCHA Appellees obtained Kozich's dispossession, not eviction, from his apartment without any hearings or trial whatsoever in state court by sending a secret email [DE.6.145-47] to state court Judge Peter to his private email address inducing state Judge Skolnik to ex parte strike [DE.6.135] Kozich's answer and affirmative defenses [DE.17.310-26], so as to put Kozich into default so as to justify his granting the BCHA Appellees ex parte Default Final Judgment for Removal of Tenant

9

[DE.6.134], and while Kozich continued to deposit the monthly rent into the state court registry (BCHA Appellees never copied Kozich on its secret email to state Judge Skolnik. Kozich was only able to obtain a copy of the secret mail through a Judicial Records Request directed to the Court Administrator for the 17th Judicial Circuit). In fact the BCHA Appellees purposely never disclosed in the state court proceedings that Kozich had a HUD-VASH HCV and resided in HUD Tenant Based Section 8 and Low Income Housing Tax Credit (LIHTC) federally supported housing which mandate "No-Cause Eviction Protection." In depriving Kozich of any hearings and trial in state court BCHA Appellees actions deprived Kozich of his constitutionally right to due process and are in violation of HUD regulations, HUD Legal Opinion GCH-0078 (September 4, 1992), requiring a court hearing to meet due process requirements as defined in 24 CFR 966.53(c) and under the United States and Florida Constitutions.

The BCHA Appellees then utilized Kozich's dispossession in state court to permanently terminate his HUD-VASH HCV in order to permanently deprive him of housing. Again this is in retaliation for Kozich exercising his constitutionally protected free speech rights.

At the time BCHA Appellees had unilaterally set the administrative hearing on the permanent termination of Kozich's housing and his HUD-VASH HCV, at the very last minute Kozich was represented by Coast to Coast Legal Aid of South Florida (CCL). CCL indicated that if the BCHA Appellees entered an adverse opinion on the permanent termination of Kozich's housing and his HUD-VASH

HCV, that CCL may appeal or take over the District Court case. Given his very limited time and resources at that time Kozich's focus, attention and time was spent on the administrative hearing and bringing the CCL attorney up to date on the facts and issues relating to the termination of his HUD-VASH HCV. The BCHA Appellees unilaterally purposely set the administrative hearing for October 20, 2015 knowing full well of the District Court requirement that Kozich file his responses by the day before. And on October 19 and 23, 2015, Kozich had timely filed his motions for extension of time with the District Court [DE.71 and 77], and explained these facts in his Motion for Rehearing [DE.79]. Since then Kozich had been waiting for a final decision from the BCHA Appellees on the permanent termination of his HUD-VASH HCV which finally came, and not unexpectedly adversely, on December 4, 2015 from Appellee Deibert.

## F. SUMMARY OF ARGUMENT

As the US Marshall served process on Defendants HUD, VA and Professional Management, Inc. (PMI) [DE.68, 75, and 76] (Late Served Defendants) late in the District Court proceedings and before they were required to serve any responsive motions, the District Court's Order [DE.73] dismissal of this case does not and should not apply to those three Late Served Defendants.

At this stage of the proceedings there has been no discovery and most of the documents are in the sole custody, possession and control of the Appellees. Some of the documents in the Appendix are incomplete and not true copies, and were mostly

obtained through public and judicial record requests. The lease [DE.6.112-33] that BCHA Appellees filed in state court to obtain Kozich's dispossession is "fake" and incomplete.

Unfortunately the District Court fell into the trap laid by the Appellees in that the Appellees were purposely not forthcoming with the correct facts and law. In violation of their duty not to make false statements of law or fact and to disclose relevant law and facts including disclosing adverse authority and not mislead the court, the Appellees and their attorneys totally ignored and failed to disclose and reference relevant facts and law with their Motions and Responses [DE.42, 43 and 45]. And being considered agents of the Appellees, the Appellees' attorneys are charged with having the same knowledge as their clients and have no excuse for not disclosing controlling law and facts and for misleading the District Court.

In reliance on the Appellees and their attorneys representations, in dismissing this case, the District Court [DE.73] only cited to Florida cases and overlooked the supremacy clause and 28 USC § 1391(b)(1) and (2); (c)(2); and (d).

Kozich is a 70-year old retired disabled veteran living on fixed low income social security and VA disability pension. Utilizing his HUD-VASH HCV Kozich formerly resided in a Low Income Housing Tax Credit (LIHTC) apartment community, Progresso Point (PP), titled in Appellee RPA which is ultimately owned and controlled by its "parent", the Appellee PHA, through its various blended subsidiaries and affiliates [DE.6.1, 3-8, 11-12] which it now calls "Discreet

12

Partnerships". Appellee PHA is chartered under Chapter 421, Fla.Stat., as a Public Housing Authority [DE.6.9-10], and therefore Appellees actions and failure to act are grossly negligent "state actions". It is well established that public housing authorities are government agencies whose actions are subject to due process and equal protection requirements. "The Housing Authority … is a government agency … its actions are state action within the meaning of the Fourteenth Amendment." "The government as landlord is still the government… [U]nlike private landlords, it is subject to the requirements of due process of law…." All of Kozich's actions are Fair Housing Act and Civil Rights activities protected by 28 USC 1443 and his disability and free speech and free association activities are protected under the First and Fourteenth Amendments.

The three federally supported programs under which Kozich resided at PP have the same "No-Cause Eviction Protection" that a tenant's right to renewal of his lease is a constitutionally protected property right: "The right of a tenant to public housing is no less 'property' under the Fifth and Fourteenth Amendments than the right of a student to remain in school; Applicants for federal rent subsidies have constitutionally protected property interests; and Low-income tenant in private housing with a federal rent subsidy has cognizable property interest in continuing his tenancy absent good cause to terminate." Kozich has been homeless since July 23, 2015, having been wrongfully dispossessed by Appellees from PP. The Appellees purposely withheld and never disclosed that Kozich had a HUD-VASH HCV and resided in HUD Tenant

Based Section 8 and Low Income Housing Tax Credit (LIHTC) federally supported housing which mandate "No-Cause Eviction Protection."

The BCHA Appellees then utilized Kozich's dispossession in state court to illegally terminate his HUD-VASH HCV in order to permanently deprive him of federally supported housing. Again this is in retaliation for Kozich exercising his constitutionally protected rights.

The BCHA Appellees unilaterally and purposely scheduled the Administrative Hearing on the permanent termination of Kozich's HUD-VASH HCV for October 20, 2015 knowing of the District Court's Order [DE.70] requiring that Kozich file his responses by the day before. Kozich had requested a continuation of the administrative hearing, which the BCHA Appellees refused to grant.

The BCHA Appellees obtained Kozich's dispossession, not eviction, without any hearings or trial whatsoever in state court by sending a secret email [DE.6.145-47] to state Judge Peter Skolnik to his private email address inducing Judge Skolnik to ex parte strike [DE.6.135] Kozich's answer and affirmative defenses [DE.17.310-26], so as to put Kozich into default so as to then ex parte enter a Default Final Judgment for Removal of Tenant [DE.6.134], and while Kozich continued to deposit the monthly rent into the state court registry (Kozich was only able to obtain a copy of the secret email through a Judicial Records Request directed to Broward County Court Administration).

In depriving Kozich of any hearings and trial in state court Appellees actions deprived Kozich of his constitutionally protected right to due process in violation of HUD regulations requiring a court hearing or trial to meet due process requirements as defined in 24 CFR 966.53(c), and under the United States and Florida Constitutions. Appellees' secretive backdoor actions also prevented Kozich from presenting his Fair Housing Act and Federal Civil Rights violations in state court.

By admitting that it utilized Fla.Stat. 82.04 for its unlawful detainer action against Kozich in state court, the BCHA Appellees were required to obtain personal service on Kozich. However, the BCHA Appellees failed to obtain personal service on Kozich when it posted its complaint [DE.6.101] and summons [DE.17.337-44] on Kozich's door. In sum, for lack of service of process the state court had no jurisdiction over Kozich.

Therefore this is not an eviction or unlawful detainer case governed by Florida law. This is a "No-Cause Eviction Protection" case governed by Federal law as a constitutionally protected property interest under three federal housing supported programs.

The FHFC Appellees claimed "home venue privilege" to be in Leon County, not Broward County, Florida. However, the FHFC Appellees committed fraud on the court when it purposely failed to disclose the existence of the Extended Agreement [DE.6.15-45] that it executed with the BCHA Appellees relating to Progresso Point (PP) in order to obtain 26 USC § 42 LIHTC status and tax credits. However, the

undisclosed Extended Agreement [DE.6.15-45] is recorded in the public records of Broward County, and therefore a land use restriction or regulation which runs with the land, similar to that of a deed restriction. The undisclosed Extended Agreement [DE.6.15-45] provides: (1) For private right of enforcement [DE.6.34, Sec. 9. last para.]; (2) Requires [DE.6.24, para. (r)(ii)] that BCHA Appellees conform to HUD Policy Handbook 4350.3 which incorporates the Tenancy Addendum, HUD-52641-A [DE.6.48-52]; (3) Mandates "No-Cause Eviction Protection" [DE.6.28, para. (c)] which requires evidence and proof of good cause not to renew a lease [DE.6.13-14]; and (4) Requires that Appellees implement and maintain certain Resident Programs. The Appellees also failed to disclose that in administering LIHTC apartment communities 26 USC § 42 requires that Appellees report the deficiencies to the IRS. The Appellees never reported the deficiencies to IRS. The Appellees' actions and failure to act evidence their gross dereliction of duty, gross negligence, gross malfeasance and gross mismanagement.

Appellees Deibert, Long and Smith hold and maintain their public offices under a reign of fear, operate in an autocratic and dictatorial manner and are not in compliance with Federal and State public records law and Government in the Sunshine Laws all of which evidence gross dereliction of duty, gross negligence, gross malfeasance and gross mismanagement.

Therefore the Circuit Court needs to reverse the District Court's dismissal [DE.73] and grant Kozich injunctive relief.

## G. ARGUMENT

### 1. STANDARD OF REVIEW

The granting of a motion to dismiss is an issue of law reviewed de novo. Boye v. United States, 200 F.3d 1360, 1371 (Fed Cir. 2000). Because there was no discovery in the District Court, because three of the Defendants in the District Court had not as yet been required to serve responsive motions and because of Appellees' fraud on the court with the facts and law and withholding and misrepresenting material facts and law, the District Court clearly erred in dismissing this case with prejudice.

The grant, denial, or modification of an injunction is reviewed under an abuse of discretion standard. Ortho Pharmy, Corp. v. Smith, 959 F.2d 935, 945 (Fed Cir. 1992).

### 2. PRELIMINARY ARGUMENT

The Court is reminded that at this stage of the proceedings there has been no discovery in this case, Barrington Cove Ltd. Part'shp v. Rhode Island Housing and Mtg. Fin. Corp., 246 F.3d 1 (1st Cir. 2001), and that many of the documents are in the sole custody, possession and control of the Appellees. Some of the documents in the Appendix upon which Kozich relies are incomplete and were mostly obtained through public and judicial record requests.

As the US Marshall's office served process on Defendants HUD, VA and Professional Management, Inc. (PMI) [DE.68, 75, and 76] (Late Served Defendants) late in the lower court proceedings and before they were required to serve any

responsive motions, the District Court's Order [DE.73] dismissal of this case does not and should not apply to those three Late Served Defendants. Kozich had so advised the District Court and requested the District Court stay the case until after the District Court had in due course disposed of Late Served Defendant HUD, VA and PMI responsive motions. The District Court ignored Kozich's request. In the interest of justice and to conserve resources and time, should the Circuit Court reverse the dismissal of this case Kozich requests an order that the District Court stay the proceedings below until it disposes of Late Served Defendants HUD, VA and PMI responsive motions to Kozich's complaint.

Unfortunately the Appellees were purposely not forthcoming in District Court with the correct facts and law. In violation of their duty not to make false statements of law or fact and to disclose relevant law and facts including disclosing adverse authority and not mislead the court, the Appellees and their attorneys purposely failed to disclose and reference relevant and correct facts and law with their responsive Motions [DE.42, 43 and 45].

By way of example the Appellees purposely failed to disclose and reference the undisclosed Extended Low Income Housing Agreement (Extended Agreement) [DE.6.15-45], which is recorded in the public records of Broward County and therefore a land use restriction or regulation which runs with the land, that FHFC Appellees executed with the BCHA Appellees for the property from which Kozich was wrongfully dispossessed known as Progresso Point (PP) which is a Low Income

Housing Tax Credit (LIHTC) federally supported apartment community under 26 USC § 42 and which is supposed to be overseen and supervised, but is not, by the FHFC Appellees and for which FHFC Appellees receive a monthly fee from BCHA Appellees [DE.82.625, ln. 7755500; and 628, ln. 225500]. It is a conflict of interest for the BCHA Appellees to pay FHFC Appellees a monthly fee and at the same time for FHFC Appellees to supervise and oversee BCHA Appellees' continued compliance with LIHTC requirements and to report the deficiencies to IRS.

The Appellees also purposely failed to disclose and reference that a tenant has the right to enforce the undisclosed Extended Agreement [DE.6.34, Article 9, last para.] and that it affords "No-Cause Eviction Protection" [DE.6.28 para. (c)] to tenants which is supposed to be incorporated into any lease but is not [DE.6.112-33]. The Appellees failed to disclose that in administering 26 USC § 42 LIHTC apartment communities [DE.6.1, 2, 3-8, 11-12, 13-14, 15-45, 243-52, and 203-18] that the IRS adopted HUD's policies, rules and procedures relating to federally supported Tenant Based Housing [DE.6.13-14].

Because BCHA Appellees, by a surreptitious and duplicitous secret personal email to state Judge Skolnik's private email address [DE.6.141-43] and without any hearings or trial, induced Judge Skolnik to strike Kozich's answer and affirmative defenses thereby putting Kozich in default so as to justify ex parte granting and BCHA Appellees the Default Final Judgment for Removal of Tenant [DE.6.134]. BCHA Appellees' secretive actions also prevented Kozich from presenting his Fair Housing

Act and Federal Civil Rights violations in state court. Kozich was only able to obtain a copy of the secret email [DE.6.141-43] through a Judicial Records Request to the Broward County Court Administrator. These types of backdoor antics appear to be epidemic in the Florida court system, especially in Broward County. And being that a state court appeal takes over 2 years any appeal in state court is ineffective to vindicate Kozich's wrongful dispossession and his Fair Housing Act, Civil Rights and violation of his constitutional rights, claims and remedies.

And the Appellees purposely failed to disclose that before dispossessing Kozich, HUD regulations, HUD Legal Opinion GCH-0078 (September 4, 1992) [DE.82.728-38], requires a court hearing or trial to meet constitutionally protected due process requirements as defined in 24 CFR 966.53(c) under the United States and Florida Constitutions. As evidenced by the state court docket [DE.82.723-27] of which the Court may take judicial notice, Norman v. Hous. Auth. of City of Montgomery, 816 F.2d 1292, 1304 (11th Cir. 1988), there was no hearing in state court, only BCHA Appellees' personal secret email [DE.6.141-43] to state Judge Skolnik to his private email address. See also, 24 CFR 966.53(c) for further HUD procedural safeguards to meet requirements of "Elements of Due Process". Therefore, Kozich was denied due process in state court and never had the opportunity to present his answers and affirmative defenses [DE.17.310-26] including his federal claims and defenses at any hearing or trial. Blum v. Garron, 51 F.Supp. 3d 1286 (S.D. Fla. 2014).

## 3. BCHA APPELLEES' UNILATERAL OCTOBER 20, 2015 ADMINISTRATIVE HEARING

The BCHA Appellees unilaterally and purposely scheduled the Administrative Hearing on the permanent termination of Kozich's HUD-VASH HCV for October 20, 2015 knowing of the District Court's prior Order [DE.70] requiring that Kozich file his responses by the day before. Kozich requested a continuation of the administrative hearing for a later date, which the BCHA Appellees refused to grant.

The District Court was well aware [DE.71, 77 and 79] that during the pendency of this case, on October 20, 2015 an administrative hearing took place between the BCHA Appellees and Kozich whereby BCHA Appellees utilized fraud on the court to unlawfully and permanently terminate Kozich's HUD-VASH HCV pursuant to 24 CFR 982.552. **fn.1** The BCHA Appellees illegally utilized the Default Final Judgment for Possession [DE.6.134] that it had unlawfully and surreptitiously obtained without any hearing or trial in state court via secret email as its excuse to permanently terminate Kozich's HUD-VASH HCV.

---

**fn.1** The administrative proceedings were unlawful because pursuant to 73 FR 25026, 25027 Implementing the HUD-VASH HCV Program, in relevant part under section II.a. states, "II.a. ... PHA's will not have the authority to ... deny assistance for any grounds permitted under 24 CFR 982.552 (broad denial for violations of HCV program requirements) ... When disabled veterans are HUD-VASH recipients, HUD's reasonable accommodation standards apply." [DE.82.805-07].

Following that hearing the BCHA Appellees submitted their proposed decision [DE.82.795-804] which in Para. 6. on page 6 of BCHA Appellees' proposed decision, **fn.2**, in relevant part states,

> In this case, however, the judgment against [Kozich] was for "possession of the premises". Possession of the premises is a remedy for unlawful detainer under Fla. Stat. 82.04. ... The statutory action for the eviction of a delinquent tenant does not involve issues which are essentially involved in an action for forcible entry or unlawful detainer. In an unlawful detainer action, the tenant forfeits his rights to possession under a contract, and if, after demand of the landlord, the tenant continues in possession, then the tenant unlawfully detains the possession of the lands. See, <u>State ex rel. Rich v Ward</u>, 135 Fla. 885 (1939). For that reason, there is no evidence that Mr. Kozich was evicted or committed a serious violation.

The court will note that with their proposed decision [DE.82.795-804] the BCHA Appellees admit in para 6. on page 6 that Kozich was not "evicted" from his apartment but rather the action in state court was one for "unlawful detainer." The distinction between "eviction" and "unlawful detainer" is significant. By admitting its state court action as being one for "unlawful detainer," the BCHA Appellees

---

fn.2 Notwithstanding that PHA's decision is final and as the "parent" of RPA, having ultimate ownership and control over RPA, PHA admits that RPA's action against Kozich in state court is one for "unlawful detainer" and not for "eviction," and which is supported by the record [DE.6.95-100, 101, 134, and 135].

recognized that pursuant to Fla.Stat. 83.42(1), by which a HUD-VASH HCV recipient such as Kozich here obtains federally supported housing which is incidental to his healthcare, makes Chapter 83, Fla.Stat., Florida Residential Landlord Tenant Law, inapplicable to the state court proceedings. And Fla.Stat. 82.04(2) states, "This section shall not apply with regard to residential tenancies." Therefore Fla.Stat. 82.04(2) makes Fla.Stat. 82.04, Unlawful Detainer, inapplicable and Fla.Stat. 83.42(1) makes Chapter 83, Florida Residential Landlord Tenant law inapplicable to Kozich's residential tenancy under HUD-VASH HCV. All that remains is Federal law, <u>Beneficial Nat'l Bank v. Anderson</u>, 539 US 1, 123 S.Ct. 2058, 156 L. Ed. 2d 1 (2003).

And by admitting that it utilized Fla.Stat. 82.04 for its unlawful detainer action against Kozich in state court, the BCHA Appellees were required to obtain personal service on Kozich. However, the BCHA Appellees failed to obtain personal service of process on Kozich when it posted its complaint [DE.6.101] and summons [DE.17.337-44] on Kozich's door. In sum, the state court had no jurisdiction over Kozich.

Even PHA's proposed decision [DE.82.795-804] falls short because HUD Legal Opinion, GCH-0078 (September 4, 1992) [DE.82.728-38], mandates that in order to comply with the due process requirements of the US and Florida Constitutions a hearing or trial is required before ejecting or evicting a tenant, see 24 CFR 966.53(c). As evidenced by the  state court docket [DE.82.723-27] there were

no hearings or trial whatsoever in state court, only a secret personal email sent by BCHA Appellees to state Judge Skolnik's private email address [DE.6.141-43].

Therefore this is not an eviction case governed by Florida law. This is a "No-Cause Eviction Protection" case governed by Federal law as a constitutionally protected property interest under three federal housing supported programs: under Tenancy Addendum, HUD-52641-A [DE.6.48-52]; under HUD-VASH HCV [DE.6.253-57]; and under 26 USC § 42 [DE.6.13-14] whereby Kozich sought injunctive relief from the District Court.

## 4. KOZICH'S TENANCY UNDER THREE FEDERALLY SUPPORTED PROGRAMS AND "NO-CAUSE EVICTION PROTECTION."

Kozich knows that his housing under three federally supported and that "No-Cause Eviction Protection" is confusing and therefore does not fault the court because the Appellees purposely make it even more confusing with their fraud on the court so as to thwart low income tenants who may be ignorant of the law. The three federally supported programs are: (1) Kozich's HUD-VASH HCV [DE.6.253-57]; (2) the Tenancy Addendum, HUD-52641-A [DE.6.48-52] and (3) his tenancy in a 26 USC § 42 LIHTC apartment community [DE.6.203-18], and are best illustrated by Kozich's FEDERAL HUD-VASH HCV AND LIHTC PROGRAM FLOW CHART [DE.6.2] as they relate to the Appellees.

All of these federally supported programs have the same "No-Cause Eviction Protection" requirements. Kozich's HUD-VASH HCV "No-Cause Eviction

Protection" is found in five (5) places: (1) the Housing Assistance Payment (HAP) contract, HUD-52641 [DE.6.53-64] supposedly executed by BCHA Appellees; (2) the Tenancy Addendum, HUD-52641-A [DE.6.48-52, para. 8.] which by its terms takes precedence over BCHA Appellees' lease which BCHA Appellees was supposed to have included word for word in Kozich's lease and was supposed to have executed and attached to Kozich's lease and filed in State Court but purposely did not; (3) HUD Housing Choice Voucher Program Guidebook 7420.10G; (4) BCHA Appellees' October 1, 2013 Administrative Plan for the Housing Choice Voucher Program [DE.82.739-47]; and (5) 26 USC § 42(h)(6)(B)(i), see IRS Revenue Ruling 2004-82 [DE.6.203-18], <u>Answering 12 Questions About Low-Income Housing Credit under I.R.C. Section 42,</u>

> A-5 "... Section 42(h)6)(B)(i) requires that an extended low-income housing commitment include a prohibition during the extended use period against (1) the eviction or the termination of tenancy (other than for good cause) of an existing tenant of any low-income unit **(no-cause eviction protection)** ..." [DE.6.209, A-5] (emphasis added).

Kozich's LIHTC "No-Cause Eviction Protection" is found in three places: (1) 26 USC § 42(h)(6)(B) and (E); (2) IRS Ruling 2004-82 [DE.6.209, A-5]; and (3) the undisclosed Extended Agreement [DE.6.11-12, 13-14; 28, para. (c)] executed between FHFC Appellees and BCHA Appellees which is recorded in the public records of Broward County and therefore a land use restriction or regulation which runs with the

land. The Court will note that with the IRS ruling relating to 26 USC 42 that the IRS adopted the same "No-Cause Eviction Protection" policies and procedures as that implemented and utilized by HUD.

Under these federally supported programs a tenant's right to renewal of his lease is a constitutionally protected property right. Ruffin v. Housing Authority, 301 F.Supp. 251, 253 (E.D. La. 1969) (holding that "the right of a tenant to public housing is no less 'property' under the Fifth and Fourteenth Amendments than the right of a student to remain in school."); Ressler v. Pierce, 692 F.2d 1212 (9th Cir. 1982) (holding applicants for federal rent subsidies have constitutionally protected property interests); and Joy v. Daniels, 479 F.2d. 1236, 1241 (4th Cir. 1973) (holding that low-income tenant in private housing with a federal rent subsidy has cognizable property interest in continuing his tenancy absent good cause to terminate).

24 CFR 982.308(a) and (f)(2); and 982.456(b)(2) provide for private right of enforcement including that of the lease, the Tenancy Addendum (HUD-52641-A) [DE.6.48-52], and the Housing Assistance Payment (HAP) contract (HUD-52641) [DE.6.53-64]. These documents are supposed to be but are not executed between Kozich and Appellee RPA and Late Served Defendant PMI, and are supposed to be but are not attached to the "fake" lease [DE.6.112-33] upon which BCHA Appellees illegally gained possession of Kozich's apartment.

The undisclosed Extended Agreement [DE.6.15-45] which is recorded in the public records of Broward County, and therefore a land use restriction or regulation,

executed between BCHA Appellees and the FHFC Appellees by which BCHA Appellees are extended tax credits pursuant to 26 USC § 42, provides: (1) For private right of enforcement [DE.6.34, Sec. 9. last para.]; (2) Requires [DE.6.24, para. (r)(ii)] that BCHA Appellees conform to HUD Policy Handbook 4350.3 which incorporates the Tenancy Addendum, HUD-52641-A [DE.6.48-52]; (3) Mandates "No-Cause Eviction Protection" [DE.6.28, para. (c)] which requires evidence and proof of good cause not to renew a lease [DE.6.13-14]; and (4) Requires that Appellees implement and maintain certain Resident Programs.

But remember that being the "artful dodger" that it is, BCHA Appellees purposely evaded pleading [DE.6.101] or disclosing to the state and federal courts that Kozich's residency is in a LIHTC apartment which pursuant to 26 USC § 42 requires "No-Cause Eviction Protection" [DE.6.209, A-5]. BCHA Appellees also purposely evaded pleading [DE.6.101] or disclosing to the state and federal courts that Kozich is the recipient of HUD-VASH HCV [DE.6.253-57] which pursuant to the Tenancy Addendum, HUD-52641-A [DE.6.48-52, para. 8] also has "No-Cause Eviction Protection." And continuing with its fraud on the state court, BCHA Appellees purposely failed to attach a true and correct copy of the lease [DE.6.112-33] to its Complaint for removal of tenant [DE.6.101] which consisted of an incomplete Housing Assistance Payment (HAP) contract, HUD-52641 [DE.6.110-11] and no Tenancy Addendum, HUD-52641-A [DE.6.48-52].

For purposes of this case, Kozich compiled what he thought to be but still is not an accurate and complete lease [DE.6.47-86] which included the Housing Assistance Payment (HAP) contract, HUD-52641 [DE.6.53-64] and the Tenancy Addendum, HUD-52641-A [DE.6.48-52]. With their reply [DE.42] FHFC Appellees are trying to fob-off Kozich's compiled lease [DE.6.47-86] that Kozich put together as the "lease" that he should have signed with BCHA Appellees. And Kozich's compiled lease [DE.6.47-86] is itself not accurate and is not even the Model Lease. Remember that by their terms the Housing Assistance Payment (HAP) contract, HUD-52641 [DE.6.53-64] and the Tenancy Addendum, HUD-52641-A [DE.6.48-52], take precedence over the terms of the BCHA Appellees' "fake" lease and even the Model Lease when it is finally produced.

## MENDOZA AND LIHTC

**IN A LIHTC APARTMENT COMMUNITY SUCH AS PP, INTERNAL REVENUE CODE, 26 USC § 42, "No-Cause Eviction Protection" [DE.6.209, A-5] REQUIRES EVIDENCE AND PROOF OF GOOD CAUSE NOT TO RENEW KOZICH'S LEASE.**

**26 USC § 42(h)(6) in relevant part states,**

 ...

 **(B) Extended low-income housing commitment**

For purposes of this paragraph, the term "extended low-income housing commitment" means any agreement between the taxpayer and the housing credit agency—

  (i) which requires that the applicable fraction (as defined in subsection (c)(1) for the building for each taxable year in the extended use period will not be less than the applicable fraction specified in such agreement and which prohibits the actions described in subclauses (I) and (II) of subparagraph (E)(ii), [below]

28

(ii) which allows individuals who meet the income limitation applicable to the building under subsection (g) (whether prospective, present, or former occupants of the building) the right to enforce in any state court the requirement and prohibitions of clause (i),

...

**(E) Exceptions if foreclosure or if no buyer willing to maintain low-income status**

...

**(ii)** Eviction, etc. of existing low-income tenants not permitted The termination of an extended use period under clause (i) shall not be construed to permit before the close of the 3-year period following such termination—

**(I)** the eviction or the termination of tenancy (other than for good cause) of an existing tenant of any low-income unit, or

**(II)** any increase in the gross rent with respect to such unit not otherwise permitted under this section. (emphasis added)

26 USC § 42 provides for a tenant's private right of enforcement. Mendoza v. Frenchman Hill Apartments, 2005 WL 6581642 (E.D. Wash., Jan. 20, 2005) [DE.6.157-252]. As Kozich stated with his complaint [DE.1] and relating to 26 USC § 42, and having adopted HUD policies and procedures for the administration of the LIHTC housing program, the IRS issued its "No-Cause Eviction Protection" Ruling 2004-82 [DE.6.203-18] during the pendency of Mendoza.

In Mendoza, the tenant faced eviction or ejectment in state court and the federal court enjoined the landlord's commencement of legal action in state court for eviction or ejectment based on claim of violation of 26 USC § 42. The federal court granted the landlord's motion for summary judgment on its claim for relief under 26 USC § 42(h)(6) and granted the tenant's motion for summary judgment on his due process claims. The District Court found that because the landlord had not as yet fully

complied with the IRS "No-Cause Eviction Protection" Ruling 2004-82 [DE.6.203-18] and that the landlord's alleged violations of 26 USC § 42 may continue in the interim, the Court found that the issue is not moot and that a live controversy still existed, that the good cause eviction of tenants from LIHTC properties is governed by the due process clause and that the landlord is required to provide the tenant with timely and adequate notice detailing the reasons for a proposed termination or eviction.

## 5. NO "HOME VENUE PRIVELEGE" FOR FHFC APPELLEES

When valuing property that was restricted by a land use restriction agreement to provide low income rental housing to seniors, the appraiser improperly factored in the federal tax credits that the owner received when he derived a capitalization rate. Holly Ridge Ltd. P'ship v. Pritchett, 936 So. 2d 694 (Fla. 5th DCA 2006).

**Fla.Stat. 193.017.  Low-income housing tax credit.** in relevant part states,

Property used for affordable housing which has received a low-income housing tax credit from the Florida Housing Finance Corporation, as authorized by s. 420.5099, shall be assessed under s. 193.011 and, consistent with s. 420.5099(5) and (6), pursuant to this section.

....

(4) If an extended low-income housing agreement is filed in the official public records of the county in which the property is located, the agreement, and any recorded amendment or supplement thereto, shall be

30

considered a <u>land-use regulation</u> and a limitation on the highest and best use of the property during the term of the agreement, amendment, or supplement.

**Fla.Stat. 420.5099. Allocation of the low-income housing tax credit.** in relevant part states,

(1) The Florida Housing Finance Corporation is designated the housing credit agency for the state within the meaning of s. 42(h)(7)(A) of the Internal Revenue Code of 1986 and shall have the responsibility and authority to establish procedures necessary for proper allocation and distribution of low-income housing tax credits and shall exercise all powers necessary to administer the allocation of such credits.

(2) The corporation shall adopt allocation procedures that will ensure the maximum use of available tax credits in order to encourage development of low-income housing in the state, taking into consideration the timeliness of the application, the location of the proposed housing project, the relative need in the area for low-income housing and the availability of such housing, the economic feasibility of the project, and the ability of the applicant to proceed to completion of the project in the calendar year for which the credit is sought.

....

31

(6) For the further purpose of implementing this program in Florida and in assessing the property for ad valorem taxation under s. 193.011, <u>any extended low income housing agreement and all amendments and supplements thereto which are recorded and filed in the official public records of the county where the property is located shall be deemed a land use regulation during the term of any such agreement, amendment, or supplement</u>. (emphasis added)

(7) The corporation is authorized to expend fees received in conjunction with the allocation of low-income housing tax credits only for the purpose of administration of the program, including private legal services which relate to interpretation of s. 42 of the Internal Revenue Code of 1986, as amended.

Kozich only learned of these relevant statutes in March 2016 during the pendency of this appeal, putting it all together when BCHA Appellees tried to obtain a 35% reduction in the property valuation of Progresso Point (PP) apartment community from the Broward County Property Appraiser.

In reliance on the Appellees and their attorneys representations, the District Court [DE.73], only cited to Florida cases and overlooked the supremacy clause and 28 USC § 1391(b)(1) and (2); (c)(2); and (d) and that the undisclosed Extended Agreement [DE.6.15-45] executed by Appellees, which provides for a tenant's private

right of enforcement [DE.6.34, Sec. 9. last para.], itself has no forum selection clause and no choice of venue clause.

As one of their arguments for dismissal in District Court the FHFC Appellees claimed "home venue privilege" to be in Leon County, not Broward County, Florida. However, the FHFC Appellees committed fraud on the court when it failed to disclose the District Court of the Extended Agreement [DE.6.15-45] that it executed with the BCHA Appellees relating to PP in order to obtain 26 USC § 42 status and tax credits, and which it caused to be recorded in the public records of Broward County. Therefore, the undisclosed Extended Agreement [DE.6.15-45] is a land use restriction or regulation which runs with the land, similar to that of a deed restriction. A & P Investment Group, Inc. v. The Circle Property Owners Assoc., Inc., 741 So.2d 1139 (Fla. 4h DCA 1998).

In furtherance of its fraud on the court the FHFC Appellees also failed to advise the District Court that the undisclosed Extended Agreement [DE.6.15-45] provides for enforcement of its covenants by the tenant [DE.6.34, Sec. 9. last para.] including "No-Cause Eviction Protection", and that it has no forum selection and no choice of venue ("Consent to Jurisdiction") clause. The omission is not an oversight and the explanation for no forum selection clause and no choice of venue clause is quite simple.

Taking the undisclosed Extended Agreement [DE.6.15-45] at face value, low income tenants residing in LIHTC properties who happenstance, without any

assistance from Appellees, gain knowledge of the Agreement [DE.6.15-45] and their right to private enforcement cannot afford the expense of litigating their rights in a far removed place. Hence no forum selection clause and no choice of venue clause.

Save and except the 2 FHFC Appellees, all of the other Appellees reside or maintain offices in Broward County, the witnesses reside in Broward County, the events giving rise to the claims arose in Broward County, the apartment community which is the subject of the action is in Broward County, and the documents, except those held by FHFC Appellees, are all kept and maintained in Broward County. Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas, 134 S.Ct. 568, 187 L.Ed. 2d 487 (2013). Therefore, venue is properly in Broward County, Florida.

Therefore and definitively Kozich properly chose to bring this action in Broward County because the undisclosed Extended Agreement [DE.6.15-45] which runs with the land and affords tenants' rights was recorded in Broward County, the property is located in Broward County and the causes of action arose in Broward County; hence venue properly lies in Broward County, Florida. Supremacy Clause and 28 USC § 1391(b)(1) and (2); (c)(2); and (d). Thus no "Home Venue Privilege" exists for the FHFC Appellees.

But the main point being that the Appellees and their attorneys committed fraud on the court in purposely failing to advise the District Court of these facts and

law, there is no home venue privilege, and that venue properly lies in Broward County, Florida.

## 6. NO QUALIFIED IMMUNITY FOR APPELLEES DEIBERT, LONG AND SMITH

As to Appellees Deibert, Long, and Smith, the District Court overlooked [DE.73] that with his Complaint [DE.1] and Amended Emergency Motion [DE.31] Kozich tracked Mendoza and was for the most part seeking injunctive relief under 26 USC § 42. Since then Kozich has been illegally dispossessed from his residence by BCHA Appellees' unlawful detainer action, that injunctive relief may be moot. And it was for that reason that Kozich requested leave to amend his complaint [DE.79] which the District Court denied [DE.83].

However, Appellees Deibert, Long and Smith hold and maintain their public offices under a reign of fear and terror, operate in an autocratic and dictatorial manner and are not in compliance with Federal and State access to public records law and Government in the Sunshine Laws including but not limited to holding secret meetings which are not open to the public, holding meetings from which the public is barred, not providing legally sufficient and timely notice of meetings and agendas, failing to advertise for public bids for property development and property management, illegally editing and censoring minutes of meeting, etc., all of which evidence gross dereliction of duty, gross negligence, gross malfeasance and gross

mismanagement. For example, the BCHA Appellees never responded to Kozich's questions [DE.82.594-98] relating to BCHA Appellees' incomplete and inaccurate 2015 Five Year  and Annual Public Housing Agency Plan which BCHA Appellees were required but failed to answer before adopting the plan over Kozich's objections.

The substance of LIHTC is that upon meeting certain 26 USC § 42 requirements [DE.6.11-12 and 15-45] the FHFC Appellees administer the sale of tax credits from BCHA Appellees to third parties (the National Equity Fund in this instance), BCHA Appellees obtain cash and the third parties utilize the tax credits to offset other income. Similar to the facts of Mendoza, although BCHA Appellees retain a small (approximately .5%) ownership in PP, receive approximately 10% of the income and is responsible to make up any deficit, they ultimately control and are responsible for management of PP. However, BCHA Appellees are illegally diverting income from PP to fund other projects and are not maintaining reserves for repairs or keeping up with maintenance, i.e. there was no air-conditioning in the enclosed 8-story PP for four months during each of the summers of 2014 and 2015 [DE.6.87-88; DE.4.491-92, 493-94, 496-97, 500-15], the BCHA Appellees' excuse being that, and although they are illegally diverting income from PP to fund other projects, there was no money to pay for a/c parts and being non-profit they had no obligation to fix the a/c.

And the undisclosed Extended Agreement [DE.6.15-45] which is recorded in the public records of Broward County requires that BCHA Appellees implement and

maintain certain Resident Programs for the tenants at PP [DE.6.43-44] i.e.
Homeownership Opportunity Program, Literacy Training, Job Training, Health Care,
Health and Nutrition Classes, Resident Activities, Financial Counseling, etc. But the
BCHA Appellees have never implemented any of the required programs at PP. And as
part of their being grossly negligent and although they receive a monthly fee from the
BCHA Appellees, the FHFC Appellees have never investigated complaints or
confirmed compliance and that the programs are in place.

The FHFC Appellees also purposely failed to disclose that it does not directly
receive federal support but instead is paid a monthly fee by the BCHA Appellees
[DE.82.625, ln 7755500; and 628, ln 225500] and is responsible for inspecting PP and
overseeing continued compliance with LIHTC programs and reporting the deficiencies
to the IRS. The FHFC Appellees have been grossly negligent in not inspecting for
compliance with 26 USC 42 and for not reporting the deficiencies to the IRS.

## 7. DUE PROCESS, EQUAL PROTECTION AND CIVIL RIGHTS VIOLATIONS

Besides Appellees being in violation of the "No-Cause Eviction Protection"
mandated by 26 USC § 42, HUD-VASH HCV, the  undisclosed Extended Agreement
[DE.6.15-45] which is recorded in the public records of Broward County, and the
Tenancy Addendum, HUD-52641-A [DE.6.48-52, para 8.] in unlawfully dispossessing

Kozich, this is also Appellees' violation of Kozich's rights to due process, equal protection and civil rights.

### a. THE LAW AS IT RELATES TO DUE PROCESS, EQUAL PROTECTION AND CIVIL RIGHTS VIOLATIONS OF A STATE GOVERNMENT AGENCY

It is well established that public housing authorities are government agencies whose actions are subject to due process and equal protection requirements. Housing Authority v. Saylors, 19 Wn. App. 871, 873 (1978) ["The Housing Authority … is a government agency … its actions are state action within the meaning of the Fourteenth Amendment." (citing Thorpe v. Housing Authority, 386 US 670 (1967). "The government as landlord is still the government…. [U]nlike private landlords, it is subject to the requirements of due process of law…." Id. at 386 US 678 (Douglas, J. concurring (quoting Rudder v. US, 226 F.2d 51, 53 (D.C. Cir. 1955)].

### b. DUE PROCESS CASE

As evidenced by the Case Docket [DE.82.723-27] from state court case, there were no hearings and no trial whatsoever in state court, and therefore Kozich was denied due process. In order to evade disclosing the requirements of "No-Cause Eviction Protection", BCHA Appellees' Motion [DE.6.336] to Strike Kozich's Answer and Affirmative Defenses and Entering Judgment for Removal of Tenant in state court simply stated,

... That there is no dispute that the lease agreement between the parties expired on February 28, 2015 and that the Plaintiff [Kozich} has no interest in renewing the lease agreement [DE.6.336].

Over Kozich's Objection [DE.6.351-54] to BCHA Appellees' Motion to Strike [DE.6.336], with no hearing or trial, through duplicitous and surreptitious ex parte secret personal email [DE.6.141-43] to state Judge Skolnik's at his private email address, BCHA Appellees induced state Judge Skolnik to ignore Kozich's Objections [DE.6.351-54], to ex parte grant [DE.6.135] BCHA Appellees' Motion to Strike Kozich's Answer and Affirmative Defenses [DE.6.336] so as to justify granting BCHA Appellees its Default Final Judgment for Removal of Tenant [DE.6.134], otherwise there is no default.

BCHA Appellees prepared the Default Final Judgment for Removal of Tenant but did not provide a copy of its proposed judgment to Kozich. BCHA Appellees' Final Judgment for Removal of Tenant [DE.6.134] in relevant part states,

> The cause came on before me and upon Plaintiff's Complaint for Removal of Tenant(s), and default been duly and regularly entered herein, it is ... [DE.6.134].

With its secret email [DE.6.141-43] BCHA Appellees had to first induce state Judge Skolnik to ignore Kozich's Objections [DE.6.351-54] and then to ex parte strike [DE.6.135] Kozich's answer and affirmative defenses in order to justify his ex parte

granting the Default Final Judgment for Removal of Tenant [DE.6.134]; otherwise there is no default. However, Kozich was never in default, timely filed his Answers, Affirmative Defenses and Request for Jury Trial [DE.6.310-26] and his Objections [DE.6.351-54], and always timely deposited the monthly rent into the state court registry.

### c. EQUAL PROTECTION CASE

This is a violation of equal protection case because Kozich is not being afforded the same "No-Cause Eviction Protections" by Appellees that they provide to other similarly situated low income tenants as Kozich. Through Appellees Deibert's and Long's autocratic and dictatorial power, Appellee PHA has the ultimate ownership and control of Appellee RPA [DE.6.1, 4-8], and has the authority to order Appellee RPA to renew Kozich's lease. Appellee PHA is chartered under Fla.Stat. 421, as a Public Housing Authority [DE.6.9-10], and therefore its and correspondingly Appellees actions and failure to act are grossly negligent "state actions".

This is a violation of equal protection case because Kozich is not being afforded the same protections afforded to other low income tenants by BCHA Appellees. BCHA Appellees have the ultimate ownership and control of Appellee RPA [DE.6.1, 4-8], and have the authority to order Appellee RPA to renew Kozich's lease. Appellee PHA is chartered under Fla.Stat. 421, as a Public Housing Authority

[DE.6.9-10], and therefore its and correspondingly BCHA Appellees' actions and failure to act are "state actions". That the BCHA Appellees consider Appellee RPA to be a public entity is further evidenced by the fact that it somewhat responded to Kozich's Public Record Requests, filed a consolidated Motion to Dismiss [DE.43] and consolidated Response [DE.45], illegally diverts the income from PP to fund other of its projects, have a legally recognized identity of interest and symbiotic relationship, are alter egos of each other and are represented by the same attorneys here.

The Appellees' actions and failure to act are grossly negligent state actions. The actions and failure to act by the FHFC Appellees, with which BCHA Appellees executed the undisclosed Extended Agreement [DE.6.15-45] in order for BCHA Appellees to obtain cash and maintain federal tax credits, are grossly negligent state actions. The US Department of Housing and Urban Development (HUD) and the US Department of Veteran Affairs (VA) actions and failure to act are grossly negligent federal actions.

### d. CIVIL RIGHTS CASE

As part of his pleadings in all courts (state and federal) Kozich pled that he is a retired disabled veteran and that the Appellees refused to renew Kozich's lease in retaliation for Kozich's advocating for better, healthier and safer living conditions, for promoting a tenant's organization and for publishing a monthly newsletter at PP

41

[DE.82.491-92, 496-97]. All of Kozich's actions are Fair Housing Act and Civil Rights activities protected by 28 USC § 1443 and also his disability and free speech and free association activities are protected under the First and Fourteenth Amendments to the U.S. Constitution. Knight v. Sanford Hous. Auth., No. 97-1225-CIV-ORL-19B ( M.D. Fla. Jan. 30, 1998) and McQueen v. Druker, 438 F.2d 781, 785 (1st Cir. 1992).

## H. CONCLUSION

The federal courts have adopted notice pleading, Fed.R.Civ.P. 8., and therefore the Court is well aware that the federal courts have jurisdiction under 28 USC § 1447 (c) and (d) of Kozich's Fair Housing Act claims and violations of his Civil Rights under 28 USC § 1443, and for other causes of action.

**WHEREFORE,** the Appellant respectfully requests an order of Court,

1. Reversing the District Court's Order [DE.78] dismissing the case and its Order [DE.83] denying Kozich's Motion for Rehearing.

2. Reversing the District Court's Orders [DE.7 and 10] denying Kozich Temporary Restraining Order and Mandatory Injunction and Granting Kozich Injunctive Relief and Mandatory Injunction against Appellees,.

3. Granting Kozich 30 days leave to amend his complaint after the District Court disposes of Defendants HUD, VA and PMI (who are not parties to this appeal) responsive motions.

4. Granting Kozich cost and expenses.

5. Impose sanctions against the Appellees including but not limited to fines, penalties, etc. and place the money in a fund to be utilized for LIHTC tenants defending against eviction or dispossession.

6. Denying Appellees' costs, expenses and fees.

7. Or other relief the court deems just and equitable.

## CERTIFICATE OF COMPLIANCE WITH FED.R.APP.P. 32(a)(7)(B)

I HEREBY CERTIFY that this brief complies with Fed.R.App.P. 32(a)(7)(B) and consists of 10037 words and 927 lines of text, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

Don Kozich, Appellant

I HEREBY CERTIFY that the foregoing was filed with the court and a copy served to Appellees on June 27, 2016.

Don Kozich, Appellant
PO Box 2032
Fort Lauderdale, FL 33303
954.709.0537
dtkctr@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the following was served on all counsel or parties of record in accordance with the Service List attached.

Don Kozich, Appellant

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

APPEAL NO.. 15-15628-EE
Kozich v. Deibert, et al.

CERTIFICATE OF SERVICE

SERVICE LIST: EFF: 160522

adeibert@bchafl.org; andrew.torres@mail.house.gov; barney@smithyoungco.com; burke@jambg.com;
clamarca@broward.org; cmhhme@aol.com; dan@ftlchamber.com; dsepielli2010@gmail.com;
edward.l.jenningsjr@hud.gov; eobrien@bchafl.org; ferrero@nova.edu; fgundlach@bchafl.org; flapetro@aol.com;
hstokley@ngnlaw.com; hugh.brown@floridahousing.org; jack.seiler@fortlauderdale.gov; jbaird@bchafl.org;
Jeannie.Cipolla-VanScyoc@va.gov; jesse.vazzano@va.gov; jherbst@fortlauderdale.gov; jnicole@gunster.com;
Jose.Riojas@va.gov; jweaver@miamiherald.com; kcannon@unitedwaybroward.org; lashon.black@va.gov;
lfeldman@fortlauderdale.gov; marilynn.lindsey@usdoj.gov; maura.sullivan@va.gov; mlong@bchafl.org;
mnunez@bchafl.org; moloughlin@bchafl.org; Nancy.D.Christopher@hud.gov; Nancy.Germansky@mail.house.gov;
ndrew.torres@mail.house.gov; rmartin@operationlifthope.org; smorris@nefinc.org; sramchandani@bchafl.org;
stephanie.bertini@nbcuni.com; stephen.moss@hklaw.com; Steve.Auger@floridahousing.org;
Steve.mccormack@va.gov; syrieo@pmiflorida.com; thomacina.brown@hud.gov; wifredo.ferrer@usdoj.gov;
Emily.Smachetti@usdoj.gov; cschrader@ngnlaw.com; Karyne@actions4betterfuture.org; russellmarcus20@gmail.com;

Ann Deibert Individually
4780 North State Road 7
Lauderdale Lakes FL 33319
adeibert@bchafl.org

Michael T Burke
2455 East Sunrise Blvd #1000
Fort Lauderdale FL 33304
burke@jambg.com

Florida Housing Finance Corp.
Hugh Brown
227 No Bronough St Ste 5000
Tallahassee FL 32301-1329

Broward County Housing Authority (PHA); Building Better Communities Inc (BBC); Broward Workforce Communities
Inc (BWC); Reliance-Progresso Associates Ltd (RPA)
Attn Ann Deibert CEO
4780 North State Road 7
Lauderdale Lakes FL 33319
adeibert@bchafl.org

Professional Management Inc (PMI)
Syrie Ortiz VP
9095 SW 87 Avenue Ste 777
Miami FL 33176
syrieo@pmiflorida.com

MICHAEL S LONG Individually and as Chairman of the Board of Commissioners of the BROWARD COUNTY
HOUSING AUTHORITY (PHA), President of BROWARD WORKFORCE COMMUNITIES INC (BWC) and
President of BUILDING BETTER COMMUNITIES INC (BBC);
2481 NE 21 Avenue
Lighthouse Point FL 33064-7735
mlong@bchafl.org

1

Florida Housing Finance Corp
Steve Auger Exec Dir
227 No Bronough St Ste 5000
Tallahassee FL 32301-1329
Steve.Auger@floridahousing.org

Bernard E Smith as Chairman of the Board
Florida Housing Finance Corp.
3517-B US Hwy 17
Fleming Island FL 30023
barney@smithyoungco.com

Civil Process Clerk, United States Attorney,
On behalf of HUD and VA
500 East Broward Blvd., 7th Floor
Fort Lauderdale FL 33394
954.660.5770
FAX (954) 356-7336
wifredo.ferrer@usdoj.gov
marilynn.lindsey@usdoj.gov

Civil Process Clerk,
Attorney General of the United States
On behalf of HUD and VA
950 Pennsylvania Avenue NW, Rm 3141
Washington DC 20530-0001

US Dept. of Veteran Affairs (VA)
Steve McCormack VA Regional General Counsel
1201 NW 16 Street Room 2E127
Miami FL 333125
Steve.mccormack@va.gov

US Dept. of Housing and Urban Development (HUD)
Associate General Counsel for Litigation
Office of Litigation Rm 10258
451 Seventh Street SW
Washington DC 20410
Nancy.D.Christopher@hud.gov

US Dept. of Housing and Urban Development (HUD)
Thomacina Brown Acting Field Office Director
909 SE First Avenue Rm 500
Miami FL 33131-3028
thomacina.brown@hud.gov

Heath Stokley
Nabors, Giblin & Nickerson
1500 Mahan Drive, Suite 200
Tallahassee, FL 32302
850.224.4070
fax 850.224.4073
hstokley@ngnlaw.com

2